ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA          :      SEALED INDICTMENT
:
         - v. -                   :
:      15 Cr. 5
LAKUAN RHYNE,                     :
     a/k/a "Rico,"                :
JESSE DABBS,                      :
CURTIS DIMMIE,                    :
MICHAEL DOUSE,                    :
MICHAEL GRAY,                     :
MICHAEL HARRINGTON,               :
ANGELO HARRIS,                    :
KEVIN HERBIN,                     :
KEVIN MALLORY,                    :
ROBERT MILLER,                    :
DWAYNE MOUNTAIN,                  :
DAIVON PRYOR,                     :
JONATHAN THORNTON,                :
     a/k/a "Staxx,"               :
JOHNSON VANIYAPURAKAL, and        :
ALLEN WRIGHT,                     :
:
              Defendants.         :
- - - - - - - - - - - - - - - - - - x

### COUNT ONE

The Grand Jury charges:

1.  From at least in or about 2014, up to and including in or about January 2015, in the Southern District of New York and elsewhere, LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, DAIVON PRYOR, JONATHAN THORNTON, a/k/a "Staxx," JOHNSON VANIYAPURAKAL, and ALLEN WRIGHT, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate,

and agree together and with each other to violate the narcotics laws of the United States.

    2.   It was a part and an object of the conspiracy that LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, DAIVON PRYOR, JONATHAN THORNTON, a/k/a "Staxx," JOHNSON VANIYAPURAKAL, and ALLEN WRIGHT, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    3.   The controlled substance that LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, DAIVON PRYOR, JONATHAN THORNTON, a/k/a "Staxx," JOHNSON VANIYAPURAKAL, and ALLEN WRIGHT, the defendants, conspired to distribute and possess with the intent to distribute was one kilogram or more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

<u>OVERT ACTS</u>

    4.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.   On or about April 4, 2014, LAKUAN RHYNE, a/k/a "Rico," the defendant, sold heroin to a confidential informant in or around Peekskill, New York.

b.  On or about August 16, 2014, RHYNE and ALLEN WRIGHT, the defendant, exchanged text messages regarding WRIGHT purchasing heroin for resale from RHYNE.

c.  On or about August 17, 2014, RHYNE and DAIVON PRYOR, the defendant, had phone conversations regarding RHYNE purchasing heroin for resale from PRYOR.

d.  On or about August 20, 2014, RHYNE and JESSE DABBS, the defendant, drove to the Bronx, New York, to obtain heroin for resale from an unidentified co-conspirator.

e.  On or about September 2, 2014, RHYNE and JONATHAN THORNTON, a/k/a "Staxx," the defendant, had a phone conversation regarding RHYNE selling heroin to THORNTON for resale.

f.  On or about September 12, 2014, RHYNE and JOHNSON VANIYAPURAKAL, the defendant, exchanged text messages arranging to meet in or around Peekskill, New York for VANIYAPURAKAL to obtain heroin from RHYNE for resale to another individual.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

5.  From at least in or about 2014, up to and including in or about January 2015, in the Southern District of New York and elsewhere, LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, MICHAEL DOUSE, MICHAEL GRAY, ANGELO HARRIS, KEVIN HERBIN, KEVIN MALLORY, ROBERT MILLER, DWAYNE MOUNTAIN, and JONATHAN THORNTON, a/k/a

"Staxx," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

6.  It was a part and an object of the conspiracy that LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, MICHAEL DOUSE, MICHAEL GRAY, ANGELO HARRIS, KEVIN HERBIN, KEVIN MALLORY, ROBERT MILLER, DWAYNE MOUNTAIN, and JONATHAN THORNTON, a/k/a "Staxx," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

7.  The controlled substance that LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, MICHAEL DOUSE, MICHAEL GRAY, ANGELO HARRIS, KEVIN HERBIN, KEVIN MALLORY, ROBERT MILLER, DWAYNE MOUNTAIN, and JONATHAN THORNTON, a/k/a "Staxx," the defendants, conspired to distribute and possess with the intent to distribute was 280 grams or more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

## OVERT ACTS

8.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

4

were committed in the Southern District of New York and elsewhere:

    a. On or about March 3, 2014, JESSE DABBS, the defendant, sold crack cocaine to an undercover law enforcement officer in or around Peekskill, New York.

    b. On or about August 12, 2014, KEVIN HERBIN and LAKUAN RHYNE, a/k/a "Rico," the defendants, exchanged text messages arranging for a sale of crack cocaine to an individual in or around Cortlandt Manor, New York.

    c. On or about August 15, 2014, RHYNE and KEVIN MALLORY, the defendant, had a phone conversation arranging for MALLORY to obtain crack cocaine for resale from RHYNE.

    d. On or about August 23, 2014, RHYNE and JONATHAN THORNTON, a/k/a "Staxx," the defendant, had a phone conversation arranging for a sale of crack cocaine to an individual in or around Peekskill, New York.

    e. On or about August 26, 2014, RHYNE and DWAYNE MOUNTAIN, the defendant, had a phone conversation arranging to meet in or around Peekskill, New York for MOUNTAIN to purchase crack cocaine for resale from RHYNE.

    f. On or about October 15, 2014, RHYNE and MICHAEL GRAY, the defendant, had phone conversations arranging for GRAY to supply crack cocaine to RHYNE for sale to another individual.

  g. On or about October 15, 2014, ROBERT MILLER, the defendant, provided crack cocaine, supplied by GRAY, to RHYNE for sale to another individual.

  h. On or about October 15 and October 17, 2014, GRAY and ANGELO HARRIS, the defendant, had phone conversations regarding obtaining and selling crack cocaine.

  i. On or about October 25, 2014, GRAY and MICHAEL DOUSE, the defendant, had a phone conversation regarding using cocaine supplied by DOUSE to make crack cocaine for selling.

  (Title 21, United States Code, Section 846.)

### COUNT THREE

  The Grand Jury further charges:

  9. From at least in or about 2014, up to and including in or about January 2015, in the Southern District of New York and elsewhere, LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, CURTIS DIMMIE, MICHAEL DOUSE, MICHAEL GRAY, MICHAEL HARRINGTON, KEVIN MALLORY, ROBERT MILLER, JONATHAN THORNTON, a/k/a "Staxx," and JOHNSON VANIYAPURAKAL, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

  10. It was a part and an object of the conspiracy that LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, CURTIS DIMMIE, MICHAEL DOUSE, MICHAEL GRAY, MICHAEL HARRINGTON, KEVIN MALLORY, ROBERT

MILLER, JONATHAN THORNTON, a/k/a "Staxx," and JOHNSON VANIYAPURAKAL, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

11.  The controlled substance that LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, CURTIS DIMMIE, MICHAEL DOUSE, MICHAEL GRAY, MICHAEL HARRINGTON, KEVIN MALLORY, ROBERT MILLER, JONATHAN THORNTON, a/k/a "Staxx," and JOHNSON VANIYAPURAKAL, the defendants, conspired to distribute and possess with the intent to distribute was 500 grams or more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## OVERT ACTS

12.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.  On or about April 16, 2014, JOHNSON VANIYAPURAKAL, the defendant, sold cocaine to a confidential informant in or around Carmel, New York.

   b.  On or about August 11, 2014, LAKUAN RHYNE, a/k/a "Rico," and MICHAEL GRAY, the defendants, had a phone

conversation arranging for RHYNE to obtain cocaine from GRAY for sale to another individual.

   c. On or about August 15, 2014, RHYNE and KEVIN MALLORY, the defendant, had a phone conversation regarding MALLORY obtaining cocaine for resale from RHYNE.

   d. On or about August 26, 2014, RHYNE and JONATHAN THORNTON, a/k/a "Staxx," the defendant, had phone conversations arranging to meet in or around Peekskill, New York for THORNTON to purchase cocaine for resale from RHYNE.

   e. On or about September 8, 2014, RHYNE and MICHAEL HARRINGTON, the defendant, had phone conversations regarding HARRINGTON purchasing cocaine from RHYNE for resale to another individual.

   f. On or about September 18, 2014, RHYNE and JESSE DABBS, the defendant, had a phone conversation arranging for a sale of cocaine to an individual.

   g. On or about October 4, 2014, GRAY and ROBERT MILLER, the defendant, had phone conversations regarding MILLER selling cocaine, supplied by GRAY, to other individuals.

   h. On or about October 15, 2014, GRAY purchased cocaine for resale from MICHAEL DOUSE, the defendant, in or around Ossining, New York.

i. On or about October 17, 2014, GRAY and CURTIS DIMMIE, the defendant, had a phone conversation regarding the quality of cocaine supplied to them by DOUSE for resale.

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION WITH RESPECT TO COUNT ONE

13. As a result of committing the controlled substance offense alleged in Count One of this Indictment, LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, DAIVON PRYOR, JONATHAN THORNTON, a/k/a "Staxx," JOHNSON VANIYAPURAKAL, and ALLEN WRIGHT, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

### FORFEITURE ALLEGATION WITH RESPECT TO COUNT TWO

14. As a result of committing the controlled substance offense alleged in Count Two of this Indictment, LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, MICHAEL DOUSE, MICHAEL GRAY, ANGELO HARRIS, KEVIN HERBIN, KEVIN MALLORY, ROBERT MILLER, DWAYNE MOUNTAIN, and JONATHAN THORNTON, a/k/a "Staxx," the defendants,

9

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count Two of this Indictment, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

### FORFEITURE ALLEGATION WITH RESPECT TO COUNT THREE

15.  As a result of committing the controlled substance offense alleged in Count Three of this Indictment, LAKUAN RHYNE, a/k/a "Rico," JESSE DABBS, CURTIS DIMMIE, MICHAEL DOUSE, MICHAEL GRAY, MICHAEL HARRINGTON, KEVIN MALLORY, ROBERT MILLER, JONATHAN THORNTON, a/k/a "Staxx," and JOHNSON VANIYAPURAKAL, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count Three of this Indictment, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

## Substitute Assets Provision

16. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney