**MEMO ENDORSED**

*Defendant Harris's Counsel is directed to respond to this letter in writing by April 2, 2015*

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

Dated: March 30, 2015

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

March 26, 2015

RECEIVED

MAR 26 2015

NELSON S. ROMAN
U.S. DISTRICT JUDGE
S.D.N.Y.

**BY HAND**

The Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:  *United States* v. *Angelo Harris, et al.*, 15 Cr. 5 (NSR) – 7

Dear Judge Roman:

The Government respectfully submits this letter to request that the Court hold a hearing pursuant to *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982), regarding the representation of the defendant, Angelo Harris, by Daniel DeMaria, Esq.  The defendant is charged in Count Two of the above-referenced Indictment with conspiring to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846.  For the reasons set forth below, the Government submits that a *Curcio* hearing should be held in light of the fact that Mr. DeMaria is the subject of an ongoing criminal investigation by this Office.  In anticipation of such a hearing and for the Court's convenience, attached as Exhibit A is a set of questions that the Government proposes be put to the defendant as part of the *Curcio* inquiry.

**I.     The Potential Conflict**

On March 20, 2015, an attorney for Mr. DeMaria was informed that Mr. DeMaria is the subject of a criminal investigation of obstruction of justice and related offenses being conducted by this Office.  In particular, the investigation concerns whether Mr. DeMaria assisted a client being prosecuted by this Office in fleeing from the jurisdiction in violation of that client's bail conditions.

**II.    Applicable Law**

The Sixth Amendment right to effective assistance of counsel includes the right to conflict-free representation.  *See United States* v. *Rogers*, 209 F.3d 139, 143 (2d Cir. 2000).  To ensure that a defendant's right to conflict-free counsel is adequately safeguarded, a district court has an obligation whenever it is "sufficiently apprised of even the possibility of a conflict of interest" to initiate an inquiry and to disqualify counsel or seek a waiver from the defendant whenever the inquiry reveals that there is an actual or potential conflict of interest.  *United States*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/2015

The Honorable Nelson S. Roman
March 26, 2015
Page 2 of 4

v. *Levy*, 25 F.3d 146, 153 (2d Cir. 1994).  Moreover, this Court has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat* v. *United States*, 486 U.S. 153, 160 (1988).

In conducting an inquiry regarding a conflict, a court must first investigate the details of the attorney's interests "'to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all.'" *Rogers*, 209 F.3d at 143 (quoting *Levy*, 25 F.3d at 153).[1]  An actual conflict is one that is so severe that "no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation." *Levy*, 25 F.3d at 146; *see also United States* v. *Lech*, 895 F. Supp. 586, 589-90 (S.D.N.Y. 1995).  As described by the Second Circuit, an actual conflict exists when, "during the course of representation, the attorney's and defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action,'" or "when the attorney's representation to the defendant is impaired by loyalty owed a former client." *United States* v. *Blau*, 159 F.3d 68, 75 (2d Cir. 1998) (quoting *Winkler* v. *Keane*, 7 F.3d 304, 307 (2d Cir. 1993)).  To show divergent interests, "[s]peculation is not enough." *Triana* v. *United States,* 205 F.3d 36, 42 (2d Cir. 2000).  Nor is a "mere theoretical division of loyalties." *Mickens* v. *Taylor*, 535 U.S. 162, 171 (2002).  Where an actual conflict is found to exist, the Court must disqualify the attorney, *Levy*, 25 F.3d at 153, even if the defendant expresses a desire to waive his right to conflict-free counsel.  As the Supreme Court has stated:

> [W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.

*Wheat*, 486 U.S. at 159 (holding that there was no error in declining petitioner's waiver of his right to conflict-free counsel and refusing to permit his proposed substitution of attorneys); *see*

---

[1] In the Second Circuit, *per se* conflicts have been found only in two classes of cases: where trial counsel "is not authorized to practice law" and where trial counsel "is implicated in the very crime for which his or her client is on trial." *Armienti* v. *United States*, 234 F.3d 820, 823 (2d Cir. 2000); *accord Levy,* 25 F.3d at 157 n.8 ("[W]e have repeatedly stressed the limited reach of the per se rule, emphasizing that it applies only when a defendant's lawyer was unlicensed or had engaged in the defendant's crimes.").  The Second Circuit has found that a *per se* conflict does not exist solely because of an attorney knowing he is under investigation.  *See Armienti*, 234 F.3d at 824; *United States* v. *Aiello*, 900 F.2d 528, 531 (2d Cir. 1990) (rejecting argument that counsel suffered *per se* conflict where counsel knew he was under investigation for obstruction of justice and tax evasion during defendant's trial); *see also United States* v. *Eisen*, 974 F.2d 246, 264-65 (2d Cir. 1992) (rejecting claim that counsel suffered *per se* conflict where counsel was disqualified in unrelated case during the course of defendant's representation).

The Honorable Nelson S. Roman
March 26, 2015
Page 3 of 4

also *United States ex rel. Stewart* v. *Kelly*, 870 F.2d 854, 858 (2d Cir. 1989) (consent would not be dispositive given trial court's independent obligation to ensure a fair trial).

Conflicts that do not fall into the categories of *per se* conflicts or actual conflicts are considered to be potential conflicts. *See, e.g., Armienti*, 234 F.3d at 824. "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *Perez*, 325 F.3d at 125 (quoting *United States* v. *Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). Conflicts "such as an attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." *Id.* at 127. However, "such a conflict might require a defendant to abandon a particular defense or line of questioning," and to "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." *Id.* (quoting *United States* v. *Fulton*, 5 F.3d 605, 613 (2d Cir. 1993)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conducts a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *Id.*

In light of a district court's obligation to ensure that a defendant receives a fair trial, the Second Circuit has held that a court should conduct any necessary inquiry as to possible conflicts of interest "sooner rather than later," so that "any conflict is identified and either eliminated or knowingly and voluntarily waived pre-trial." *Rogers*, 209 F.3d at 146. The Second Circuit has set forth the parameters for a *Curcio* inquiry:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in the narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States* v. *Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

The Honorable Nelson S. Roman
March 26, 2015
Page 4 of 4

## III.    Conclusion

Based on the foregoing, the Government respectfully submits that a *Curcio* hearing should be conducted in this matter in accordance with the parameters set forth above.  Attached as Exhibit A for the Court's consideration is a set of questions that the Government proposes be included in the *Curcio* inquiry of the defendant.  As reflected in Exhibit A, the Government respectfully requests that the Court address the defendant personally, seek to elicit narrative answers from the defendant, and give the defendant an opportunity to consider the Court's advice and review it with independent counsel prior to accepting a waiver.


Respectfully submitted,

PREET BHARARA
United States Attorney

By:    _____
George D. Turner
Assistant United States Attorney
(914) 993-1965

Cc:  Daniel DeMaria, Esq. (by email)

**EXHIBIT A**

**Government's Proposed *Curcio* Inquiry of Defendant Angelo Harris**
**United States v. Angelo Harris, et al., 15 Cr. 5 (NSR)**

A.  Introduction / Competency

    1.  How old are you?

    2.  How far did you go in school?

    3.  Do you currently consult a doctor for any condition?

    4.  Have you taken any alcohol, drugs, or medications within the past 24 hours?

    5.  Is there anything interfering with your ability to understand what is happening here today?

B.  Conflict

    1.  Are you satisfied with the services of Mr. DeMaria thus far in the case?

    2.  How long has Mr. DeMaria represented you?  How long have you known Mr. DeMaria?

    3.  Has Mr. DeMaria represented you in connection with any other matters?

    4.  Are you aware that Mr. DeMaria is the subject of a criminal investigation being conducted by the U.S. Attorney's Office for the Southern District of New York?

    5.  Are you aware that the investigation concerns obstruction of justice and related offenses?  Are you aware that, in particular, the investigation concerns whether Mr. DeMaria assisted a criminal defendant in a case unrelated to yours in fleeing the jurisdiction in violation of that defendant's bail conditions?

    6.  Do you understand that it is possible that this investigation may result in the filing of criminal charges against Mr. DeMaria by the U.S. Attorney's Office?

    7.  Do you understand that, now that Mr. DeMaria has been made aware that he is a subject of a criminal investigation by the U.S. Attorney's Office, his status as a subject in that investigation creates a potential conflict of interest?

    8.  Do you understand that Mr. DeMaria might conceivably be tempted to gain favor with the Court or the Government, or take other actions that might not be to your benefit, in order to assist or defend himself during the investigation?

    9.  Do you understand, in other words, that it is possible that the investigation would cause Mr. DeMaria to have incentives that are not entirely aligned with your

interests?  Do you understand that this could affect the way that Mr. DeMaria advises you?

10. Let me give you some examples of the ways in which Mr. DeMaria's status as the subject of a criminal investigation this district could conceivably lead him to take steps that might be against your interests.

    i. A desire on Mr. DeMaria's part to gain the favor of the Court or the U.S. Attorney's Office in his own case might create an incentive for him to advise you not to fight the Government.

    ii. Mr. DeMaria may be reluctant to take positions in your case that the Court disapproves or that the Government opposes because of a desire to help himself in his own case.

    iii. On the other hand, the fact that Mr. DeMaria is under investigation might lead him to become hostile to the Government and unnecessarily adversarial with the Government in a manner that might not be in your best interest.

    iv. If Mr. DeMaria's own matter leads him to develop hostility to the Court or the Government, he may take positions or make arguments in your case that risk making the Court or the Government less sympathetic to you, because of Mr. DeMaria's advocacy.

Do you understand each of the examples I have given you?

11. Do you understand that the greatest danger is that you cannot foresee all the conflicts that may arise?

12. Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

C.    Right to Conflict-Free Representation

1. Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

2. Do you understand that you have the right to object to Mr. DeMaria's continued representation of you based upon the existence of a conflict of interest?

3. Have you received any inducements, promises, or threats with regard to the choice of counsel in this case?

4. Have you consulted with any attorneys other than Mr. DeMaria about the dangers to you of this potential conflict of interest?

5. Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney?

6. The Court is prepared to adjourn the remainder of this proceeding so that you may consult with an attorney other than Mr. DeMaria about the potential conflict of interest that I have described to you today. In addition, the Court can appoint an attorney for you to consult on this matter if you cannot afford one. Would you prefer to adjourn until you can give more thought to this matter?

To the extent that the defendant elects to continue with the proceeding without adjourning, the Government proposes that the following questions be posed to him.[1]

D. <u>Continuation of *Curcio* Hearing</u>

1. After considering all that I have said today about the ways in which the investigation pertaining to Mr. DeMaria may adversely affect your defense, do you believe that it is in your best interest to continue with him as your attorney? Is that your wish?

2. Do you understand that by choosing to continue with Mr. DeMaria as your attorney, you are waiving your right to be represented solely by an attorney who has no potential conflict of interest?

3. Are you knowingly and voluntarily waiving your right to conflict-free representation?

4. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of the investigation by this Office pertaining to Mr. DeMaria, you were denied effective assistance of counsel by Mr. DeMaria?

5. Is there anything that I have said that you wish to have explained further? Would you like any additional time to consider the issues we have discussed here today?

---

[1] In the event that the proceedings are adjourned to allow the defendant to consult with another attorney, the Government will submit an additional set of proposed questions for purposes of a second *Curcio* proceeding held after that consultation.