UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v.- | : | 15 Cr. 5 (NSR) |
| ANGELO HARRIS, | : | |
| Defendant. | : | |

------------------------------------------------------------------x

# THE GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

George D. Turner
Assistant United States Attorney
*Of Counsel*

The defendant, Angelo Harris, is scheduled to be sentenced on August 6, 2015, at 10:15 a.m. The Government respectfully submits this memorandum in advance of that sentencing and in response to the defendant's sentencing submission, dated July 23, 2015 ("Def. Mem."). As reflected in the Presentence Investigation Report, dated July 14, 2015 ("PSR"), the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range is 188 to 235 months' imprisonment. For the reasons set forth below, the Government submits that a sentence within the applicable Guidelines range should be imposed in this case.

## BACKGROUND

### The Indictment

On March 13, 2015, a three-count indictment, 15 Cr. 5 (NSR) (the "Indictment"), was unsealed charging Angelo Harris, along with 14 other defendants, with conspiring to distribute narcotics in and around Westchester County, New York, from in or about 2014 through January 2015. The defendant was charged with conspiring to distribute (i) at least 280 grams of cocaine base ("crack"), in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Count Two); and (ii) at least 500 grams of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B) (Count Three). On April 21, 2015, following the production of discovery and plea negotiations, the defendant pled guilty, pursuant to a plea agreement, to conspiring to distribute at least 28 grams of crack, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), a lesser-included offense of Count Two of the Indictment. The parties stipulated in the plea agreement that the offense involved at least 112 grams but less than 196 grams of crack.

Offense Conduct

As indicated in the PSR, the defendant participated in a conspiracy to distribute crack in and around Westchester County.  Specifically, the defendant regularly obtained significant quantities of cocaine for distribution from co-defendant Michael Gray, who, in turn, obtained supplies of cocaine from co-defendant Michael Douse.[1]  Harris cooked a large percentage of the cocaine that he obtained from Gray into crack, and sold the crack to customers in and around Ossining, New York.  The investigation in this matter included, among other things, a Title III wiretap on a cellphone used by Gray.  In the course of that wiretap, law enforcement agents intercepted multiple communications between Harris and Gray in furtherance of their narcotics distribution activities, including calls discussing the quality, quantity, and price of the cocaine, and the business of dealing it.

Criminal History

The defendant's criminal history is extensive.  *See* PSR ¶¶ 39-46.  The defendant has eight criminal convictions, including three felony narcotics convictions, all of which involved crack cocaine.

*First*, in or about October 1999, the defendant was arrested in Ossining while in possession of approximately 88 small plastic envelopes of crack. On or about February 22, 2000, the defendant was convicted, in Westchester County Court, of attempted criminal possession of a controlled substance with intent to sell in the third degree, a Class C felony, in

---

[1] As stated in the PSR, based on the investigation in this matter, the defendant also obtained narcotics directly from Douse.  In his objections to the PSR, dated June 29, 2015, the defendant claims that he never dealt directly with Douse.  This factual point should have no bearing on the sentencing calculus in this matter.  Regardless of whether the defendant obtained his cocaine only from Gray (who obtained his cocaine from Douse), or whether the defendant also sometimes dealt directly with Douse, a Guidelines sentence is appropriate for the reasons stated herein and in the PSR.  The Government takes no position with respect to the other objections to the PSR lodged by the defendant.

2

violation of New York Penal Law § 220.16(1). The defendant was sentenced to two to six years' imprisonment. *See* PSR ¶ 41.

*Second*, in or about February 2004, the defendant was arrested in Greenburgh, New York, while in possession of approximately 63 plastic bags of crack. On or about November 24, 2004, the defendant was convicted, in Westchester County Court, of criminal possession of a controlled substance with intent to sell in the fifth degree, a Class D felony, in violation of New York Penal Law § 220.06(1). As a result of that offense, the defendant was sentenced to two to four years' imprisonment. *See* PSR ¶ 43.

*Third*, in or about April 2007, the defendant was arrested in Ossining while in possession of approximately 29 plastic bags of crack. On or about February 11, 2009, the defendant was convicted, in Westchester County Court, of attempted criminal possession of a controlled substance in the fourth degree, a Class D felony, in violation of New York Penal Law § 220.09. The defendant was sentenced to 18 months' imprisonment. PSR ¶ 44.

As stated in the PSR and the plea agreement, the defendant's criminal history yields 11 criminal history points, corresponding to a criminal history category of V. However, pursuant to U.S.S.G. § 4B1.1(a), the defendant qualifies as a career offender because (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony controlled substance offense; and (3) the defendant has at least two prior felony controlled substance offenses, namely, his 2000 and 2004 felony convictions described above. Accordingly, because the defendant is a career offender, his criminal history category is VI. *See* U.S.S.G. § 4B1.1(b); PSR ¶ 48.

The Guidelines

The Probation Office agrees with the Guidelines calculation set forth in the parties' plea agreement.  *See* PSR ¶¶ 27-37.  Specifically, Probation and the parties agree that because the defendant is a career offender, the defendant's offense level is the greater of the offense level set forth in the career offender guideline, U.S.S.G. § 4B1.1(b), and the offense level otherwise applicable.  *See* U.S.S.G. § 4B1.1(b).  Thus, the defendant's offense level must be calculated without reference to U.S.S.G. § 4B1.1, and then compared to the defendant's offense level provided by U.S.S.G. § 4B1.1(b).  Here, the otherwise-applicable base offense level is 26 because, as stipulated in the plea agreement, the offense involved at least 112 grams but less than 196 grams of crack.  *See* U.S.S.G. § 2D1.1(c)(7).  Accordingly, pursuant to U.S.S.G. § 4B1.1(b)(2), because the defendant is a career offender and the statutory maximum term of imprisonment for Count Two is 40 years, the offense level is 34.  Further, a three-level reduction is warranted pursuant to U.S.S.G. § 3E1.1 based on the defendant's acceptance of responsibility and timely notification of his intention to plead guilty.  The resulting total offense level is 31.

Based on the foregoing calculations, with a criminal history category of VI, the applicable Guidelines range is 188 to 235 months' imprisonment.  The Probation Office recommends a sentence of 188 months' imprisonment.  PSR at 22.  The defendant requests that the Court impose a sentence in the range of 60 to 84 months' imprisonment.  Def. Mem. at 1.  As discussed below, the Government submits that a sentence within the applicable Guidelines range would be appropriate in this case.

## DISCUSSION

**A.     Applicable Law**

The Sentencing Guidelines, although no longer mandatory, still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). While *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must consult the Guidelines and take them into account when sentencing. 543 U.S. at 264. "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the applicable Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); *see Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**  **A Guidelines Sentence Is Appropriate**

  The most pertinent Section 3553(a) factors in the defendant's case include the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; and the history and characteristics of the defendant. All of these considerations weigh in favor of a sentence within the applicable Guidelines range.

  *First*, the offense is indisputably serious. The defendant is responsible for distributing a significant quantity of crack cocaine in and around Westchester County. The crack peddled by the defendant is dangerous and has devastating effects on its users, both young and old, as well as on communities more broadly.

  *Second*, the defendant's extensive criminal history further supports a Guidelines sentence in this case. The defendant has no fewer than eight prior convictions, five of which are drug-related, and three of which are felonies. Moreover, as discussed above, each of those three felony convictions involved the defendant possessing and distributing crack. The defendant was sentenced to substantial terms of incarceration on each of those three occasions, yet after each conviction he returned to dealing crack in and around the Ossining community. Indeed, the defendant appears to view dealing crack cocaine as his occupation. For example, during the course of an intercepted call with Michael Gray, on or about October 17, 2014, Harris conveyed that he was running low on crack to sell ("work") and needed Gray's supplier (Michael Douse) to send an additional supply of crack; Harris told Gray, in part: "Man, tell that nigga there ain't no work, how am I supposed to do my job? . . . Tell him send it, man!" In light of the

defendant's history and demonstrated recidivism, which also includes numerous parole violations, a sentence of imprisonment within the applicable Guidelines range would serve the sentencing purposes of achieving adequate specific deterrence and protecting the public from further narcotics dealing by the defendant.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court should impose a sentence within the applicable Guidelines range of 188 to 235 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: White Plains, New York
       July 30, 2015

                                                  Respectfully submitted,

                                                  PREET BHARARA
                                                  United States Attorney

                       By:    /s/ George D. Turner
                              George D. Turner
                              Assistant United States Attorney
                              (914) 993-1965